## Romich v. Lymbach et al.

*Practice—Process—Summons—Service on one in charge of business at his residence—Act of July 9, 1901.*

In an action against copartners, a sheriff's return is defective under the Act of July 9, 1901, § 1, P. L. 614, which shows that service was made, not at defendants' place of business, but at the residence of the man in charge of the business, there being nothing to show an ineffectual inquiry as to defendants' place of residence, or any other cause why service could not have been there made.

Rule to set aside sheriff's return. C. P. Lackawanna Co., Nov. T., 1926, No. 1600.

*M. J. Kolansky*, for plaintiff; *L. H. Simons*, for defendants.

NEWCOMB, P. J., Dec. 9, 1926.—This is one of several suits in *assumpsit* against three individuals apparently as copartners. The question is on the validity of the sheriff's return. The objection must be adjudged fatal. The return is as follows: "Now, Nov. 12, 1926, I hereby certify and return that I made service of the within writ of summons on the within named defendant, Julius F. Lymbach, William J. Jagen, John A. Caraher, trading as the Property Developing Co., by handing to and leaving with John Clifford, the man in charge of the Property Developing Co., by handing him a true and attest copy of the within summons, and I made known to him the contents thereof at his place of residence, No. 9 Garfield Avenue, Carbondale, Pa. At the same time and the same place, I made service on the within defendant with certified copy of the plaintiff's statement. So answers," etc.

It may be noted that the return is silent on the date of service, unless it be presumed to have been on the 12th of the month. As the writ was returnable on the 19th, this would fall short of the ten days required by the Act of June 13, 1836, P. L. 568. But in itself that would not invalidate the return. It is objectionable on more important grounds.

In the absence of personal service or service by copy handed to a member of defendant's family at his dwelling-house, in case of a resident of this county, valid substituted service can be had only in the manner prescribed by the Act of July 9, 1901, § 1, cl. *(e)*, P. L. 614. That is to say, "by handing a true and attested copy of the summons, at his place of business, to his agent, partner or other person for the time being in charge thereof, if, upon inquiry thereat,

Romich v. Lymbach et al.

his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

No doubt, there was an attempt here to make service in conformity with this requirement. It was defective, however, for variance, in that (1) it was made, not at defendant's place of business, but at the residence of the man in charge; and (2) no ground for substitution was laid by ineffectual inquiry as to defendant's place of residence, or other cause made to appear why service could not be made at such residence.

The effect of clause (e) of this statute is to subject defendant to personal liability without personal service of the writ, and very possibly without means of knowledge of the proceeding. Hence, its provisions must be held subject to the rule of strict construction. To be effective, the official return must show affirmatively that the terms of the statute had been complied with. It does not so appear in this instance.

The motion is accordingly allowed, the rule to show cause made absolute and the return set aside.

From William A. Wilcox, Scranton, Pa.